*1136 OPINION.
Milliken :
From a consideration of the evidence, we are satisfied that the aggregate fair market value of the leaseholds and of the barns on March 1, 1913, was not less than $87,500, and petitioner is, accordingly, entitled to annual deductions from income for the exhaustion of such value ratably over the remaining life of the combined leaseholds to May 1,1929. Respondent reversed.
Petitioner contends that there was a reorganization in 1906, and the leasehold and barns were then paid in for the capital stock of a *1137 new corporation and had a cash value of $87,500 for invested capital purposes. After a careful study of the record, we conclude that the evidence fails to sustain petitioner, for it is evident that petitioner was organized prior to 1906, its full authorized capital stock was outstanding prior to 1906, and it was the owner of the leasehold and barns prior to 1906. Respondent has refused to allow any value for the leasehold and the barns for invested capital purposes, holding that on May 1, 1914 (the date of expiration of the first lease), the original book value of $50,000 had been fully exhausted. Petitioner contends that a renewal of the lease was promised by the lessor and, therefore, for invested capital purposes, the value should be amortized over a life of 85 years, being the sum of 20 years under the first lease and 15 years under the second lease. The first lease is set forth in full in the findings of fact and upon a consideration of it, we are unable to agree with the petitioner that it contains any right of renewal, even by implication. In our opinion, at no time prior to February 13, 1913, when the second lease was executed, was petitioner entitled to the use of the property later than May 1, 1914, save for the short period of days thereafter allowed it under the lease, within which to remove the barns. This fact definitely limited the exhaustion to a period extending from the date of acquisition of the lease by petitioner from the partnership, to the expiration date, May 1, 1914.
Petitioner secured a renewal of the lease on February 13, 1913, without cost to it. The second lease, therefore, represented no outlay of capital and can not be included in invested capital.
We do not know the separate value attaching to the barns, which were used by petitioner until the expiration of the second lease, and which value, to a small extent, existed on February 13, 1913, and should be exhausted over a period ending May 1, 1929. Such facts not being before us, we can not determine the amount of invested capital to which petitioner is entitled, and the respondent, therefore, is sustained.
It is in evidence and uncontroverted, that petitioner decreased the amount of undivided profits on its books in 1914, by an arbitrary write-off amounting to $41,478, to reduce the book value of plant and lease account. We are of the opinion this reduction should be restored to invested capital.
The remaining question relates to capital additions subsequent to March 1, 1913. Our findings of fact dispose of this issue and should be observed in redetermining the deficiency.

Judgment will be entered on 15 days’ notice, under Rule 50.

Considered by Maequette, Phillips, and Van Fossan.